UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 20-CR-10197-LTS-5 |
| ) | |
| DAMIAN CORTEZ, ) | |
| Defendant ) | |

**DEFENDANT'S MOTION TO DISMISS COUNT #7 (MANN ACT VIOLATION) FOR LACK OF SPECIFICITY**

Now comes Damian Cortez and hereby moves that this Honorable Court dismiss Count #7 for lack of specificity. Mr. Cortez moves under Federal Rules of Criminal Procedure §§ 7(c)(1) and 12(b)(3)(B)(iii).

Mr. Cortez requests a hearing.

**A) INTRODUCTION**

Mr. Cortez is charged under 18 U.S.C. §§ 2421 and 2 with a Mann Act crime[1]. Generally speaking, 18 U.S.C. § 2421(a) prohibits interstate or foreign transportation of an individual for the purposes of prostitution[2]. A superseding indictment returned on October 14, 2020 alleges:

> On or about October 28, 2017, in the District of Massachusetts and elsewhere, the defendant,
>
> (5) DAMIAN CORTEZ,
>
> knowingly transported Jane Doe in interstate commerce, from Massachusetts to Maine, with the intent that Jane Doe engage in prostitution and sexual activity for which a person can be charged with a criminal offense.
>
> All in violation of Title 18, United States Code, Sections 2421 and 2. (Doc. No. 145)

Mr. Cortez argues that Count # 7 of the indictment lacks specificity to such a degree that it fails to properly inform Mr. Cortez of the crime with which he is charged.

---

[1] Mr. Cortez also stands accused of Possession with Intent to Distribute Fentanyl, though that count is not relevant to this motion.
[2] The terms "Mann Act" and "Crossing State Lines for Purposes of Prostitution" will be used interchangeably.

1

## B) RELEVANT FACTUAL BACKGROUND

On October 28, 2017, local police in Westbrook, Maine conducted an undercover prostitution investigation. Searching advertisements on Backpage.com, a detective found two (2) separate posts. Though the posts promoted different women, the promotional language had "similar verbiage." (Doc. No. 1-1, ¶ 85). The detective scheduled a date with a woman who was advertised as "Bella." (Id.). It was arranged that Bella would meet the detective at a specific location in Westbrook; Bella was to arrive in an Uber. (Id.).

Other detectives established surveillance in the meeting area. (Id. at ¶86). The police stopped the car in which Bella was riding. The driver was interviewed by the police. (Id.). The driver was indeed working for Uber. He told the police that the ride was ordered from an account with the name "Damian." His pick-up location was a hotel in South Portland, Maine. (Id.).

Bella was interviewed by police. She was an adult whose initials are "AH." (Id. at ¶87). According to police, AH maintained that "Damian" was her "boyfriend/pimp" and that he had forced her into prostitution. (Id.). "Damian" was later identified as Damian Cortez. AH told police that she, Damian, Moses Cabral, Delven Carvalho-Centeio and another woman named Amanda, were staying at a hotel in South Portland, Maine. (Id.). AH added that the group had been "traveling around New York and New England in a rented black SUV staying at different motels for a few days at a time where they would place ads on Backpage.com and arrange prostitution dates." (Id.). AH did not specify if the group worked in Massachusetts, nor did she state whether the group traveled through the Commonwealth.

## C) PROCEDURAL BACKGROUND

On October 30, 2017, Damian Cortez, Moses Cabral, Delven Carvalho-Centeio, and "Amanda" were charged in Cumberland County Court (CUMCD-CR-2017-06297) with Aggravated Sex Trafficking. (Exhibit 1 – Docket Record). On February 9, 2018, the case was dismissed. On February 12, 2018, a finding was entered on the docket as follows "[t]he necessary witness in the case cann[o]t be

located despite an active warrant for her arrest. The case cannot proce[e]d to grand jury with[out] her and the time to bring the case to grand jury has passed." (Ex. 1, p. 2).

On June 15, 2020, Messrs. Cortez, Cabral, and Carvalho-Centeio were charged by criminal complaint in this court. (Doc. No. 1). All three were accused under 18 U.S.C. § 2421, Crossing State Lines for the Purposes of Prostitution, based on the incident in Westbrook, Maine. In total, fifteen (15) men were charged with various crimes, all of which were alleged to be connected, in varying degrees, to the NOB street gang. (See "Affidavit of Daniel Campbell," Doc. No 1-1).

On September 16, 2020, a Grand Jury returned an indictment against Mr. Cortez alleging a Mann Act violation. (Doc. No 115). Four (4) other men were accused in the same indictment, though their charges were RICO related. No others were accused of a Mann Act crime.

On October 14, 2020, a Grand Jury returned a superseding indictment. (Doc. No 145). In this instance five (5) more defendants were added. All new defendants were charged with RICO Conspiracy. None were charged with a Mann Act crime. No new charges were added against Mr. Cortez.

On January 20, 2021, Mr. Cabral was charged by Information with RICO Conspiracy. (21-cr-10023-LTS, Doc. N0 159). He was not charged with a Mann Act violation.

On February 23, 2021, Mr. Carvalho-Centeio was charged by Information with RICO Conspiracy. (21-cr-10062-WGY, Doc. No. 163). He was not charged with a Mann Act violation.

D) <u>Law and Argument</u>

    a. Introduction

Under the United States Constitution, Damian Cortez has a right "to be informed of the nature and cause of the accusation" against him. U.S. Const. amend. VI. Federal Rule of Criminal Procedure Rule 7(c)(1), provides that an indictment must provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged."

Under First Circuit caselaw, a Motion to Dismiss an indictment rests on the question "whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012). "[T]he statutory language may be used in the indictment to describe the offense, 'but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" United States v. Troy, 618 F.3d 27, 34 (1st. Cir. 2010) (quoting Hamling v. United States, 418 U.S. 87, 117-18 (1974)) Though this standard may appear difficult for a defendant to overcome, the language used in this particular indictment is so sparse that is fails to substantively inform Mr. Cortez of the crime charged.

### b. Challenge

Mr. Cortez challenges the indictment for failing to adequately state the manner and means by which the crime is alleged to have occurred. The indictment omits basic information: Jane Doe's identity (or some reference to it, such as initials), the way in which she was transported, and the acts which Mr. Cortez is alleged to have committed that constitute the crime. Though the indictment need not be a press release or a formal statement of the case, it should at least apprise Mr. Cortez of enough information that he be positioned to defend himself. "An indictment is legally sufficient if it first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend…." United States v. Laureano-Perez, 797 F.3d 45, 60 (1st Cir. 2015). Certainly, the government has a legitimate interest in protecting the identity of a person who was allegedly trafficked. Yet, the name Jane Doe is so generic as to give Mr. Cortez no notice as to her identity. In wording an indictment, the government may use the exact language of the statute, so long as "the excerpted statutory language sets out all of the elements of the offense without material uncertainty." United States v. Troy, 618 F.3d 27, 34 (1st Cir. 2010). The bare bones language in this indictment creates ambiguity and invites speculation as to what Mr. Cortez is specifically accused of doing.

4

The elements of the crime of Crossing State Lines for Purposes of Prostitution are as follows: "first, that [the defendant] knowingly transported an individual in interstate commerce; and second, that at the time of such transportation [the defendant] intended the individual [whom] he transported would engage in prostitution." United States v. Blanchard, 867 F.3d 1, 12 (1st. Cir. 2017). Language to this effect is included in the indictment. The government alleges that the transportation occurred on or about October 28, 2017. The government charges that Mr. Cortez knowingly transported "Jane Doe" from Massachusetts to Maine with the intent that she engage in prostitution. But it provides nothing more.

Count #7 alleges Mann Act culpability under two theories – liability as the principal and liability as an aider and abetter. (18 U.S.C. §§2421 and 2). Under the prinicipal theory, the defendant must have "knowingly transport[ed]" a woman across state lines. 18 U.S.C. § 2421. "The statutory language does not literally extend to 'causing' the transportation." United States v. Footman, 215 F.3d 145, 153 (2000). Under the aiding and abetting theory, codified in 18 U.S.C. § 2(b), it is enough that Mr. Cortez "caused" Jane Doe to be transported across state lines for the purpose of prostitution. (Id.). The indictment does not inform Mr. Cortez of how he is alleged to be the principal, nor how he is alleged to be an aider and abetter. The indictment fails to allege that Mr. Cortez took any act to transport AH or took any act to cause AH to be transported. The indictment does not do what the law says it must do – include a statement of "facts and circumstances." The language in the indictment is simply too thin for it to survive.

### E) Conclusion

For the foregoing reasons, Count #7 should be dismissed against Damian Cortez.

DAMIAN CORTEZ,
By his attorney,

Date:  September 13, 2021

*/s/ Henry Fasoldt*
C. Henry Fasoldt (BBO# 667422)
185 Devonshire Street

5

Suite 302
Boston, MA 02110
henry@bostondefenselaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 13, 2021.

/s/ Henry Fasoldt
C. Henry Fasoldt

**CERTIFICATE OF CONFERENCE**

I "conferred and have attempted in good faith to resolve or narrow the issue" in this motion under Local Rule 7.1(a)(2). In a conversation with AUSA Michael Crowley, the government stated that it opposes the motion.

/s/ Henry Fasoldt
C. Henry Fasoldt